# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

JOHN DOE,                                          )
                                                   )
     Plaintiff,                              )
                                                   )
vs.                                                )    CIVIL ACTION NO. _____
                                                   )
GEORGIA DEPARTMENT OF                              )    5:4-CV-01 73-3 (WDO)
CORRECTIONS, JAMES E. DONALD,                      )
In his official capacity as                        )
Commissioner of the Georgia                        )
Department of Corrections, JOE                     )
FERERRO, Individually and in his                   )
official capacity as Assistant                     )
Commissioner of the Georgia                        )
Department of Corrections, ALAN                    )
ADAMS, In his official capacity as                 )
Director of Facilities for the                     )
Georgia Department of Corrections,                 )
JIM WEATHERINGTON, Individually                    )
and in his former official capacity as             )
Commissioner of the Georgia                        )
Department of Corrections, JAMES                   )
DOCTOR, Individually and in his                    )
former official capacity as Director               )
of Facilities for the Georgia                      )
Department of Corrections, JIMMY                   )
SIKES, Individually and in his official            )
capacity as Central Regional Director              )
for the Georgia Department of                      )
Corrections, GENE A. SCROGGY,                      )
Individually and in his former official            )
capacity as Warden of Frank Scott                  )
State Prison, AUBREY JONES,                        )
Individually and in his official                   )
capacity as Deputy Warden of                       )
Security for Frank Scott State Prison,             )
TOM McELHENNEY, Individually and                   )
in his official capacity as Deputy                 )
Warden of Care and Treatment for                   )
Frank Scott State Prison, CAPTAIN                  )
GLORIA NICHOLSON (n/k/a GLORIA                     )
CHESTER), Individually and in her                  )

official capacity as an employee of )
the Georgia Department  of )
Corrections serving as a supervisory )
officer of Frank Scott State Prison, )
CAPTAIN CARL EVANS, Individually )
and in his official capacity as an )
employee of the Georgia Department )
of Corrections serving as a )
supervisory officer of Frank Scott )
State Prison, LIEUTENANT LISA )
HOLSEY, Individually and in her )
official capacity as an employee of )
the Georgia Department of )
Corrections serving as a supervisory )
Officer of Frank Scott State Prison, )
LIEUTENANT RODNEY SMITH, )
Individually and in his official )
capacity as an employee of the )
Georgia Department of Corrections )
serving as a supervisory officer of )
Frank Scott State Prison, SERGEANT )
DENNIS HOLSEY, Individually and in )
his official capacity as an employee )
of the Georgia Department of )
Corrections serving as a supervisory )
officer of Frank Scott State Prison, )
SERGEANT DENNIS KNIGHT, )
Individually and in his official )
capacity as an employee of the )
Georgia Department of Corrections )
serving as a supervisory officer of )
Frank Scott State Prison, SERGEANT )
LEONARD SMILEY, Individually and )
in his official capacity as an )
employee of the Georgia Department )
of Corrections serving as a )
supervisory officer of Frank Scott )
State Prison, NICHOLAS TUFT, )
Individually and in his former official )
capacity as an employee of the )
Georgia Department of Corrections )
serving as a correctional officer at )
Frank Scott State Prison, and DAVID )
DOE CORRECTIONAL OFFICERS 1, )
2, 3, 4, 5 and 6, Individually and in )

2

**their official capacities as employees** )
**of the Georgia Department of** )
**Corrections serving as correctional** )
**officers at Frank Scott State Prison,** )
                                        )
       **Defendants.** )
_____ )

## COMPLAINT FOR DAMAGES

John Doe, for his Complaint against the Georgia Department of Corrections,

James E. Donald, in his official capacity as Commissioner of the Georgia

Department of Corrections, Joe Fererro, individually and in his official capacity as

Assistant Commissioner of the Georgia Department of Corrections, Alan Adams, in

his official capacity as Director of Facilities for the Georgia Department of

Corrections, Jim Weatherington, individually and in his former official capacity as

Commissioner of the Georgia Department of Corrections, James Doctor,

individually and in his former official capacity as Director of Facilities for the Georgia

Department of Corrections, Jimmy Sikes, individually and in his official capacity as

Central Regional Director for the Georgia Department of Corrections, Gene A.

Scroggy, individually and in his former official capacity as Warden of Frank Scott

State Prison, Aubrey Jones, individually and in his official capacity as Deputy

Warden of Security for Frank Scott State Prison, Tom McElhenney, individually and

in his official capacity as Deputy Warden of Care and Treatment for Frank Scott

State Prison, Captain Gloria Nicholson (n/k/a Gloria Chester), individually and in her

official capacity as an employee of the Georgia Department of Corrections servings

as a supervisory officer of Frank Scott State Prison, Captain Carl Evans,

individually and in his official capacity as an employee of the Georgia Department of

3

Corrections servings as a supervisory officer of Frank Scott State Prison, Lieutenant Lisa Holsey, individually and in her official capacity as an employee of the Georgia Department of Corrections servings as a supervisory officer of Frank Scott State Prison, Lieutenant Rodney Smith, individually and in his official capacity as an employee of the Georgia Department of Corrections servings as a supervisory officer of Frank Scott State Prison, Sergeant Dennis Holsey, individually and in his official capacity as an employee of the Georgia Department of Corrections servings as a supervisory officer of Frank Scott State Prison, Sergeant Dennis Knight, individually and in his official capacity as an employee of the Georgia Department of Corrections servings as a supervisory officer of Frank Scott State Prison, Sergeant Leonard Smiley, individually and in his official capacity as an employee of the Georgia Department of Corrections servings as a supervisory officer of Frank Scott State Prison, Nicholas Tuft, individually and in his former official capacity as an employee of the Georgia Department of Corrections servings as a supervisory officer of Frank Scott State Prison, and David Doe Correctional Officers 1, 2, 3, 4, 5 and 6, individually and in their official capacities as an employees of the Georgia Department of Corrections servings as correctional officers at Frank Scott State Prison, alleges and states as follows:

## NATURE OF CASE

This action arises from sexual assaults committed on Plaintiff by Defendant Nicholas Tuft while Plaintiff was a prisoner at Frank Scott State Prison and Defendant Tuft was a prison guard.

4

## PARTIES, VENUE AND JURISDICTION

1.

Plaintiff is a former inmate at Frank Scott State Prison (hereafter "Scott State Prison") in Baldwin County, Georgia. Plaintiff was released from prison May 1, 2004. John Doe is a pseudonym. Simultaneously with the filing of this Complaint, Plaintiff has moved the Court for leave to proceed under a anonymously.

2.

Defendant Georgia Department of Corrections is a department of the State of Georgia charged with the responsibility of operating the State's correctional facilities.

3.

Defendant James E. Donald is and was at relevant times Commissioner of the Georgia Department of Corrections.

4.

Defendant Joe Fererro is and was at relevant times Assistant Commissioner of the Georgia Department of Corrections.

5.

Defendant Alan Adams is and was at relevant times Director of Facilities of the Georgia Department of Corrections.

6.

Defendant Jim Weatherington is former Commissioner of the Georgia Department of Corrections.

7.

Defendant James Doctor is former Director of Facilities for the Georgia Department of Corrections.

8.

Defendant Jimmy Sikes is and was at all relevant times Central Regional Director for the Georgia Department of Corrections.

9.

Defendant Gene A. Scroggy is former Warden of Scott State Prison.

10.

Defendant Aubrey Jones is and was at all relevant times Deputy Warden of Security for Scott State Prison.

11.

Defendant Tom McElhenney is and was at all relevant times Deputy Warden of Care and Treatment for Scott State Prison.

12.

Defendant Captain Gloria Nicholson (who is now known as Gloria Chester) is and was at all relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

13.

Defendant Captain Carl Evans is and was at all relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

6

14.

Defendant Lieutenant Lisa Holsey is and was at all relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

15.

Defendant Lieutenant Rodney Smith is and was at all relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

16.

Defendant Sergeant Dennis Holsey is and was at all relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

17.

Defendant Sergeant Dennis Knight is and was at all relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

18.

Defendant Sergeant Leonard Smiley is and was at all relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

19.

Defendant Nicholas Tuft is a former correctional officer at Scott State Prison. He has been indicted for some of the sexual assaults committed against Plaintiff and other inmates.  A redacted copy of that indictment is attached as Exhibit "A."

20.

Defendant David Doe Correctional Officer 1 was at relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

21.

Defendant David Doe Correctional Officer 2 was at relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

22.

Defendant David Doe Correctional Officer 3 was at relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

23.

Defendant David Doe Correctional Officer 4 was all relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

24.

Defendant David Doe Correctional Officer 5 was at relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

25.

Defendant David Doe Correctional Officer 6 was at relevant times an employee of the Georgia Department of Corrections serving as a supervisory officer of Scott State Prison.

26.

This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1983 and alleges violations of rights guaranteed to Plaintiff by virtue of the Eighth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction of the Plaintiff's related state all claims by virtue of 28 U.S.C. § 1367.

27.

Defendants are subject to the venue and jurisdiction of this Court.

**FACTUAL ALLEGATIONS**

28.

In June 2002, Plaintiff was an inmate at Scott State Prison in Baldwin County, Georgia. Defendant Nicholas Tuft was, at that time, a correctional officer assigned to Plaintiff's dormitory.

9

29.

On or after June 15, 2002, Defendant Tuft sexually assaulted Plaintiff. Among other things, Defendant Tuft forced Plaintiff to perform oral sex on Defendant Tuft.

30.

Plaintiff promptly reported Defendant Tuft's sexual assault, but his reports were either ignored or dismissed. When Plaintiff persisted, he was put in the "hole." While in the "hole," and as a result of Defendant Tuft's sexual assault, Plaintiff attempted suicide by slashing his wrists.

31.

In July 2002, and notwithstanding Plaintiff's reports of Defendant Tuft's sexual assaults, Defendant Tuft was transferred to another dormitory at Scott State Prison. Inmates James Doe and Charles Doe were residents in that dormitory.

32.

After his transfer, Defendant Tuft began focusing on inmates James Doe and Charles Doe as victims.

33.

Defendant Tuft called attention to James Doe in the presence of other inmates, likely with the intent of isolating James Doe from other inmates. Defendant Tuft also began insisting that James Doe perform cleaning duties in the dormitory. James Doe attempted to refuse Defendant Tuft's requests, insisting that because he worked as a teacher's aid, Defendant Tuft had no right to make him clean the dormitory. At that time, James Doe, who had an exemplary record as an

10

inmate, was pursuing an appeal of his conviction. (This appeal was eventually successful.) James Doe was extremely concerned that any altercation with Defendant Tuft would jeopardize his appeal. Accordingly, he eventually succumbed to Defendant Tuft's demands that he clean a secluded room in the dormitory. On or about July 30, 2002, as James Doe was sweeping, he felt a presence behind him and as he turned, Defendant Tuft grabbed James Doe's crotch. When James Doe attempted to resist, Defendant Tuft told him that he was committing assault and that if he continued, he would "end up" like Plaintiff. James Doe knew that Plaintiff had been placed in the "hole" after an incident involving Defendant Tuft.

34.

That evening James Doe wrote a letter to Defendant Deputy Warden of Security Aubrey Jones reporting what Defendant Tuft had done. This letter written by James Doe was placed in the institutional mail the following morning by James Doe and addressed to Defendant Deputy Warden Jones.

35.

On or about August 2, 2002, Defendant Tuft again approached James Doe and told him to get a broom and sweep. Because the broom was located in the same room where Defendant Tuft grabbed his crotch, James Doe was fearful of a further assault. However, he was also concerned about doing anything that might jeopardize his pending appeal. James Doe decided that he could quickly enter the room, get the broom, and leave before anything could happen. James Doe entered the room but before he could leave, Defendant Tuft also entered the room and blocked his path. When James Doe attempted to get by Defendant Tuft, Defendant

11

Tuft said that James Doe had just committed assault and again referenced what had happened to Plaintiff when he resisted Defendant Tuft. At that point, Defendant Tuft forced James Doe to perform oral sex on and to masturbate Defendant Tuft. Throughout this ordeal, Defendant Tuft made clear that if James Doe called out, he "would get the same thing that [Plaintiff] got."

36.

On or about July 27, 2002, Charles Doe noticed that Defendant Tuft was paying particular close attention to him while he was showering in the prison dormitory showers. Charles Doe became very uneasy when Defendant Tuft winked at him while he was in the shower. When Charles Doe got out of the shower, he put his shorts on and went to the laundry room to get his clothing. While Charles Doe was retrieving his clothes, Defendant Tuft entered the laundry room. Defendant Tuft approached Charles Doe from behind and reached around him and grabbed Charles Doe's crotch. Charles Doe turned around immediately and Defendant Tuft removed his hand from Charles Doe's crotch. Before Charles Doe could say anything, Defendant Tuft said "if you tell anyone about this, then the same thing that happened to [Plaintiff] could happen to you." Charles Doe felt very threatened by Defendant Tuft's statement because he too had heard rumors in the prison about Plaintiff being sexually assaulted by Defendant Tuft and Plaintiff's attempted suicide.

37.

Physically shaken and uncertain as to what to do, Charles Doe went to his bunk and wrote a letter to Defendant Captain Nicholson telling Captain Nicholson

12

about the incident involving Defendant Tuft.  Charles Doe mailed the letter to

Captain Nicholson the next morning through the institutional mail.

38.

Over the next couple of days Defendant Tuft wrote notes to Charles Doe

that contained sexually suggestive and inappropriate language.

39.

Charles Doe also wrote letters to Defendant Warden Gene Scroggy and

Defendant Deputy Warden Jones telling them about Defendant Tuft's inappropriate

conduct, harassment and threats. Charles Doe mailed these letters through the

inter-institutional mail.

40.

On or about July 30, 2002, Defendant Tuft directed Charles Doe to follow

him to a room located on the side of the TV room.  Upon entering the room,

Defendant Tuft showed Charles Doe his penis and began masturbating.  Defendant

Tuft ejaculated on the front of Charles Doe's tee-shirt.  Defendant Tuft once again

told Charles Doe not to tell anyone about the incident.  Defendant Tuft threatened

Charles Doe with falsely reporting that Charles Doe physically assaulted him if he

told anyone about the incident.

41.

Later that same evening after Defendant Tuft had completed the inmate

count, he ordered Charles Doe to follow him outside to the back porch of "A" Hall.

After entering the porch area, Charles Doe was told to sit beside Defendant Tuft at

a table.  While both were seated at the table, Defendant Tuft unzipped his pants

13

and showed Charles Doe his penis. Defendant Tuft then told Charles Doe to perform oral sex on him. Charles Doe immediately refused and started to leave, but Defendant Tuft showed Charles Doe his two-way radio and told him "all I got to do is call." Based on the previous threats made by Defendant Tuft, Charles Doe knew that Defendant Tuft was threatening to falsely report that Charles Doe physically assaulted him if he did not do what Tuft wanted. Charles Doe then did as he was ordered and performed oral sex on Defendant Tuft.

42.

Defendant Tuft committed the crime of sexual assault against an inmate.

43.

Defendant Tuft committed the crime of sodomy.

44.

Defendants Warden Gene A. Scroggy, Deputy Warden Aubrey Jones, Deputy Warden Tom McElhenney , Captain Gloria Nicholson, Captain Carl Evans, Lieutenant Lisa Holsey, Lieutenant Rodney Smith, Sergeant Dennis Holsey, Sergeant Dennis Knight, Sergeant Leonard Smiley and David Doe Correctional Officers 1, 2, 3, 4, 5 and 6 knew or should of known of Defendant Tuft's illegal actions and egregious conduct toward Plaintiff John Doe, James Doe and Charles Doe. Plaintiff John Doe was in fact punished for complaining to one or more of these Defendants about the sexual assault and abuses that Defendant Tuft inflicted upon him. Inmates James Doe and Charles Doe wrote letters through institutional mail to the supervisory personnel at Scott State Prison complaining about the

14

harassment and abuses that they were being subjected to by the conduct and actions of Defendant Tuft.

45.

Despite the verbal and written complaints made by these individuals, including Plaintiff John Doe, Defendants assigned to Scott State Prison, both supervisory personnel and correctional officers alike, failed and/or refused to take necessary and appropriate actions to prevent Defendant Tuft from assaulting and abusing Plaintiff and other inmates at Scott State Prison who were in their custody, care and control. Even after being specifically warned and placed on notice of the atrocities being committed by Defendant Tuft, these Defendants demonstrated deliberate indifference by failing to protect the Plaintiff and other inmates at Scott State Prison.

46.

Defendants Georgia Department of Corrections, James E. Donald, in his official capacity, Joe Fererro, individually and in his official capacity, Alan Adams, in his official capacity, Jim Weatherington, individually and in his former official capacity, James Doctor, individually and in his former official capacity, Jimmy Sikes, individually and in his official capacity and Gene A. Scroggy, individually and in his former official capacity, failed to provide proper staffing, training and instruction for the correctional officers and employees of Scott State Prison thereby resulting in the acts and omissions of the Defendant correctional officers that perpetuated the assaults and abuses inflicted upon Plaintiff and other inmates at Scott Prison by Defendant Tuft.

15

47.

The acts and omissions of Defendants in violating Plaintiff's basic rights guaranteed by the United States Constitution and the Constitution of the State of Georgia were the proximate cause of the sexual assault suffered by Plaintiff. As a result, Plaintiff has suffered severe damages for which he is entitled to be compensated. These damages include physical injury, mental anguish, emotional and psychiatric injury, as well as loss of income.

48.

Defendants are jointly and severely liable for Plaintiff's injuries and damages.

## CAUSES OF ACTION

### COUNT ONE

### 42 U.S.C. § 1983

49.

The allegations of paragraphs 1 through 48 are incorporated herein.

50.

The repeated violation of Plaintiff John Doe's rights, both those guaranteed by the Constitution of the United States of America and those guaranteed by the Constitution of the State of Georgia, by Defendants, acting under color of the laws the State of Georgia, caused Plaintiff to be subjected to sexual assault, sodomy and physical and mental abuse in violation of Art. I, Section 1, Paragraphs I and XVII of the Constitution of the State of Georgia, and the Eighth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, through a custom and practice of deliberately failing to secure and protect the

16

Plaintiff's personal safety while in the care, custody and control of these Defendants.

51.

As a result of these violations of Plaintiff's basic constitutional rights, he has suffered and continues to suffer physical and mental damages for which he is entitled to be fully and reasonably compensated for the harm done to him by these Defendants.

## COUNT TWO

52.

The allegations of paragraphs 1 through 51 are incorporated herein.

53.

The repeated violation of Plaintiff John Doe's rights, both those guaranteed by the Constitution of the United States of America and those guaranteed by the Constitution of the State of Georgia, by Defendants, acting under color of the laws the State of Georgia, caused Plaintiff to be subjected to sexual assault and physical and mental abuse in violation of Art. I, Section 1, Paragraphs I and XVII of the Constitution of the State of Georgia, and the Eighth and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983, by those Defendants identified in Paragraph 44 of this Complaint failing to provide adequate and appropriate staffing, training and education for the correctional officers and personnel of Scott State Prison.

17

54.

As a result of these violations of Plaintiff's basic constitutional rights, he has suffered and continues to suffer physical and mental damages for which he is entitled to be fully and reasonably compensated for the harm done to him by these Defendants.

## COUNT THREE

## PUNITIVE DAMAGES

55.

The allegations of paragraphs 1 through 54 are incorporated herein.

56.

Defendants' conduct constitutes willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the entire presumption of conscious indifference to consequences. Therefore, punitive damages should be assessed against Defendant in order to penalize, punish, or deter them.

WHEREFORE, Plaintiff prays for judgment as follows:

a)  That Plaintiff have judgment against the Defendants in a sufficient amount to compensate him for the medical expenses incurred and which will be incurred;

b)  That Plaintiff recover damages sufficient to compensate him for the mental and physical pain and suffering he has experienced, continues to experience, and will experience;

c)  That the costs of this action be taxed against Defendant, including

reasonable attorneys' fees;

d)     That Plaintiff has trial by twelve fair and impartial jurors; and

e)     That Plaintiff has such other and further relief as the Court deems just.

This __3__ day of June, 2004.

_____
Marc T. Treadwell
Georgia Bar No. 716239

_____
D. James Jordan
Georgia Bar No. 404465-1

OF COUNSEL:

ADAMS, JORDAN & TREADWELL, P.C.
Fickling & Co. Building
577 Mulberry Street, Suite 1250
P.O. Box 928
Macon, GA 31202-0928
(478) 743-2159

_____
Clinton Alan Wheeler
Georgia Bar No. 751248

C. Alan Wheeler, P.C.
637 Cherry Street
Macon, GA 31201-2623
(478) 742-7488

19

# EXHIBIT "A"



Criminal Action Number ____44544____

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA
July Term, 2003

THE STATE OF GEORGIA

VS,

NICHOLAS TUFT

COUNT 1: SEXUAL ASSAULT AGAINST A
PERSON IN CUSTODY
COUNT 2: SEXUAL ASSAULT AGAINST A
PERSON IN CUSTODY
COUNT 3: SEXUAL ASSAULT AGAINST A
PERSON IN CUSTODY

_True Bill All 3 Counts_ Bill

_Johnn Lunsford_, Foreperson

Special Agent Ryan Carmichael, GBI, Prosecutor and Special Presentment

FREDRIC D. BRIGHT,
District Attorney

# INDICTMENT

The defendant, NICHOLAS TUFT, having been advised of his constitutional rights, waives formal arraignment, waives copy of indictment, and pleads _____.
This the _____ day of _____, 20____.

_____
Assistant District Attorney

_____
Defendant's Attorney

_____
Defendant

We, the jury, find the defendant, NICHOLAS TUFT, _____,

This the _____ day of _____, 20____.

_____
Foreperson

Returned in open court by the grand jury bailiff, announced by the court, and filed in office this _19th_ day of
_March_, 20_03_.

_____
Clerk / Deputy Clerk, Baldwin County Superior Court

WITNESSES FOR THE STATE:
Special Agent Ryan Carmichael, GBI

Lisa Hobgood, Forensic Division, GBI Crime Lab, Decatur, Georgia

BALDWIN COUNTY, GEORGIA
              IN THE SUPERIOR COURT OF BALDWIN COUNTY

The Grand Jurors selected, chosen and sworn for Baldwin County, to wit:



COUNT 1: In the name and behalf of the citizens of Georgia, charge and accuse NICHOLAS TUFT with having committed the offense of SEXUAL ASSAULT AGAINST A PERSON IN CUSTODY (O.C.G.A. §16-6-5.1) for that the said NICHOLAS TUFT on or between June 15, 2002 and July 11, 2002, the exact date being unknown to the Grand Jury, in Baldwin County, Georgia, did then and there, while being a corrections officer, did unlawfully engage in sexual contact with ▬▬▬▬▬, an inmate in the custody of law enforcement, while the accused had supervisory and disciplinary authority over said ▬▬▬▬▬ contrary to the laws of the State of Georgia, the good order, peace, and dignity thereof.

COUNT 2: And the grand jurors aforesaid, on their oaths aforesaid, further charge and accuse NICHOLAS TUFT with having committed the offense of SEXUAL ASSAULT AGAINST A PERSON IN CUSTODY (O.C.G.A. §16-6-5.1) for that the said NICHOLAS TUFT on or between July 30, 2002 and August 1, 2002, the exact date being unknown to the Grand Jury, in Baldwin County, Georgia, did then and there, while being a corrections officer, did unlawfully engage in sexual contact with ▮▮▮▮▮ an inmate in the custody of law enforcement, while the accused had supervisory and disciplinary authority over said ▮▮▮▮▮, contrary to the laws of the State of Georgia, the good order, peace, and dignity thereof.

COUNT 3: And the grand jurors aforesaid, on their oaths aforesaid, further charge and accuse NICHOLAS TUFT with having committed the offense of SEXUAL ASSAULT AGAINST A PERSON IN CUSTODY (O.C.G.A. §16-6-5.1) for that the said NICHOLAS TUFT on or between July 29, 2002 and August 5, 2002, the exact date being unknown to the Grand Jury, in Baldwin County, Georgia, did then and there, while being a corrections officer, did unlawfully engage in sexual contact with ▮▮▮▮▮ an inmate in the custody of law enforcement, while the accused had supervisory and disciplinary authority over said ▮▮▮▮▮ contrary to the laws of the State of Georgia, the good order, peace, and dignity thereof.

Baldwin County Superior Court

July Term, 2003

Special Agent Ryan Carmichael, GBI
Prosecutor and Special Presentment

FREDRIC D. BRIGHT
DISTRICT ATTORNEY
OCMULGEE JUDICIAL CIRCUIT